IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO VILLA, ) | |
| ) | PLAINTIFF DEMANDS |
| Plaintiff, ) | JURY TRIAL |
| ) | |
| ) | FILED: MAY 20, 2009 |
| v. ) | Case number: 09CV3065 |
| ) | JUDGE GETTLEMAN |
| WAL-MART STORES, INC., ) | MAGISTRATE JUDGE COLE |
| a Delaware corporation ) | BR |
| ) | |
| Defendant. ) | |

## **COMPLAINT AT LAW**

NOW COMES the Plaintiff, PEDRO VILLA, by and through his attorney, Philip W. Collins III, and complaining of the Defendant, WAL-MART STORES, INC., a Delaware corporation, states as follows:

### NATURE OF ACTION

1. This is an action against Wal-mart Stores, Inc. ("Wal-mart") under Title I of the Americans With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A. §§ 12111 to 12117), for its unlawful employment practices on the basis of disability. Wal-mart intentionally refused to accommodate Plaintiff's disability and discharged Plaintiff in violation of Plaintiff's federally protected rights.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

1

12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a.

3. The employment practices alleged herein to be unlawful were committed in the Northern District of Illinois and consequently venue in this judicial district is proper pursuant to 28 U.S.C.A. § 1391.

## PARTIES

4. Pedro Villa is a citizen of the United States and a resident of Aurora, Illinois.

5. Plaintiff suffered a work related injury on or about February 4, 2008. As a result, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA").

6. Wal-mart is a Delaware corporation and at all times relevant hereto has done business in the State of Illinois, and has continuously had and does now have at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.A. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C.A. § 2000e(g) and (h).

8. Defendant is an employer within the meaning of the ADA.

## PROCEDURAL REQUIREMENTS

9. On or about February 9th, 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Chicago, Illinois (See Exhibit A

attached hereto). The charge was filed within three hundred (300) days after the occurrence of one or more of the alleged unlawful employment practices in violation of 42 U.S.C.A. § 12117(a).

10. On February 19th, 2009, the EEOC mailed Plaintiff a Notice of Right to Sue letter (Also See Exhibit A), stating that Plaintiff could file an action under the ADA. Plaintiff filed the complaint in this case within ninety (90) days after the date on which the Notice of Right to Sue was received.

11. Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted his administrative remedies as required by law.

## STATEMENT OF FACTS

12. Plaintiff was employed by Defendant, Wal-mart, as a Sales Associate from January 1, 2008, until he was wrongfully terminated on November 14th, 2008.

13. In February of 2008, Plaintiff suffered an injury to his back while at work and in March, 2008, filed a worker's compensation claim.

14. Plaintiff was diagnosed and treated by a physician who allowed Plaintiff to resume work after approximately three weeks off for light duty only.

15. Upon Plaintiff's return to work, Plaintiff requested a reasonable accommodation to allow him to continue his employment with Defendant.

16. In response to Plaintiff's request, Plaintiff was allowed to ride an electric cart at certain times in the store so he would not have to walk long distances.

17. However, in April, 2008, Plaintiff was passed over for a promotion despite his being more qualified than the person promoted.

18. Additionally, Plaintiff's hourly wage was cut by sixty cents ($0.60) with no explanation given to Plaintiff for the salary cut.

19. Sometime after April, 2008, Plaintiff was told by a supervisor in another department that Plaintiff's supervisor, Cathy Garcia, was out to get Plaintiff fired.

20. From approximately May, 2008, through November, 2008, Plaintiff was verbally insulted and demeaned by his supervisor, Cathy Garcia, regarding his job performance.

21. Despite Cathy Garcia's false criticisms of Plaintiff's work performance, Plaintiff received more than twenty (20) compliments from customers who informed the assistant store manager of what an excellent job Plaintiff was doing.

22. Prior to November, 2008, Plaintiff became aware for certain incidents involving Cathy Garcia that, if substantiated, would have been serious violations of Defendant's policies.

23. Cathy Garcia knew that Plaintiff had knowledge of certain of these incidents.

24. Plaintiff was terminated on November 14th, 2008, for allegations against him made by Cathy Garcia that he had violated Defendant's policy.

**VIOLATION OF ADA**

25. Despite the ADA's prohibition of employer discrimination against an employee on the basis of disability, Defendant passed over Plaintiff for a promotion he should have gotten, reduced his pay, and subjected him to insults, ridicule, and false allegations by his supervisor, all leading to Plaintiff's discharge on November 14th, 2008.

26. The denial of a promotion, decrease in salary, and the harassment by his supervisor, all followed Plaintiff's returning to work for light duty and his filing a worker's compensation claim.

4

27. Plaintiff's discharge was in retaliation for the foregoing facts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff (1) economic damages in the form of lost back pay, front pay, medical expenses and medical insurance premiums and other pecuniary losses, together with interest as permitted by law; (2) compensatory damages for mental pain and anguish in amounts to be proved at trial; (3) attorneys' fees and costs of this action; (4) punitive damages in an amount to be proven at trial; (5) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and (6) such other and further relief as this Court deems necessary and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

Respectfully Submitted,

s/Philip W. Collins III

Counsel for Plaintiff

Philip W. Collins III, Esq.
Law Offices of Philip W. Collins III
940 E. Diehl Road, Suite 110-B
Naperville, Illinois 60563
Tel: (630) 505-1424
Fax: (630) 505-1425
Email: pwc3@pwc3law.com
IL ARDC no. 6204019